# United States Court of Appeals

## For the Eighth Circuit

———————————————

No. 19-3408

———————————————

Louis F. Castro

*Plaintiff - Appellant*

v.

Andrew Saul, Commissioner of Social Security Administration

*Defendant - Appellee*

——————————

Appeal from United States District Court
for the Western District of Arkansas - Harrison

——————————

Submitted: September 24, 2020
Filed: October 8, 2020
[Unpublished]

——————————

Before COLLOTON, BENTON, and KOBES, Circuit Judges.

——————————

PER CURIAM.

Louis Castro appeals the district court's[1] order affirming the denial of disability insurance benefits and supplemental security income. After consideration of Moore's arguments for reversal, we agree with the court that substantial evidence in the record as a whole supports the adverse decision. See Twyford v. Comm'r, Soc. Sec. Admin., 929 F.3d 512, 516 (8th Cir. 2019) (de novo review of district court's judgment; this court will affirm unless Commissioner's findings are unsupported by substantial evidence or result from legal error). Specifically, we conclude that substantial evidence supports the administrative law judge's (ALJ) finding that Castro's back impairment did not meet listing 1.04(A), as his pre-operative nerve root compression lasted less than 12 months, see Karlix v. Barnhart, 457 F.3d 742, 747 (8th Cir. 2006) (upholding denial of benefits where plaintiff failed to demonstrate that his impairment met listing for continuous 12-month period); and his post-operative neuroforaminal stenosis did not meet the requirements of the listing, see McDade v. Astrue, 720 F.3d 994, 1001 (8th Cir. 2013) (upholding ALJ's conclusion that claimant's back impairment did not meet listing 1.04 where he presented evidence of spinal stenosis, but no evidence of compromised nerve root or spinal cord). We also conclude that substantial evidence supports the ALJ's finding that Castro did not have a severe mental impairment, see Johnston v. Apfel, 210 F.3d 870, 874-75 (8th Cir. 2000) (substantial evidence supported ALJ's decision that claimant's mental impairments were non-severe, as record showed symptoms were related to concern about physical conditions and improved with medication, and claimant maintained good activities of daily living); and that the ALJ did not err in failing to order a psychological consultative examination, see McCoy v. Astrue, 648 F.3d 605, 612 (8th Cir. 2011) (ALJ is required to order medical examination only if medical records presented to him do not give sufficient evidence to determine whether claimant is disabled).

---

[1]The Honorable Erin L. Wiedemann, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

The judgment is affirmed.

_____